```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION
                         3:95CR111-MU
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | <u>ORDER</u> |
| | ) | |
| JUAN CARLOS RETAYAUD, | ) | |
|     Defendant. [1] | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a document captioned as a "Motion For Nunc Pro Tunc Relief From Final Or Void Judgent, Pursuant To Rule 60(b)(4) and (6) (document # 113); and on a document captioned as a "Motion For Leave In Writ Of Mandamus" (document # 116). For the reasons set forth herein, Defendant's Rule 60(b) Motion will be denied and his Motion for Leave will be dismissed as moot.

In his 60(b) Motion, Defendant argues that he actually is innocent of the sentencing enhancements which he received for having obstructed justice and having managed others in his drug conspiracy because those enhancements were imposed in violation of his constitutional rights. As such, Defendant asks the Court to grant his Rule 60(b) Motion and vacate his Judgment so that he

---

[1] In the caption of his Motion, Defendant identifies himself as the "Petitioner" and the United States at the "Respondent." However, because Defendant filed this Motion in his closed criminal case , the Court properly will refer to the parties as "Plaintiff" and "Defendant."

can be re-sentenced without application of the subject enhancements. However, even a cursory review of Defendant's Motion reflects that he is not entitled to any relief.

Indeed, it goes without saying that the Federal Rules of Civil Procedure are applicable in civil cases, and cannot be used to invalidate a criminal judgment. Additionally, even if Rule 60(b) were available, Defendant has failed to demonstrate the existence of any "exceptional circumstances" to support his request for relief under that provision. See Dowell v. State Farm & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)(noting that Rule 60(b) motions only should be granted upon a showing of "exceptional circumstances."). Therefore, Defendant's attempt to use Rule 60(b) to obtain relief from his criminal conviction must be flatly rejected.

Moreover, the claims which Defendant is raising sound entirely in habeas law. However, pertinent Court records reflect not only that Defendant already filed an unsuccessful habeas Motion under 28 U.S.C. § 2255, see Case No. 3:98CV78-MU-02, document # 1, filed February 26, 1998, but also that Defendant's appeal of this Court's summary dismissal of that Motion was dismissed by the Fourth Circuit Court of Appeals. Retayuad v. United States, 172 F.3d 865 (4th Cir. Feb. 23, 1999) (unpublished). Thus, inasmuch as Defendant is attempting to bring a successive motion to vacate without first having obtained permission

to do so under 28 U.S.C. §2244, such attempt must be flatly rejected. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (explaining that a post-judgment motion -- regardless of how it may be captioned -- which either raises new arguments, makes proffers of additional evidence, or which continues previous arguments in opposition to the movant's conviction(s) actually is a successive motion.).

Finally, Defendant's so-called "Motion For Leave In Writ Of Mandamus" simply asks the Court to rule on his Rule 60(b) Motion. Thus, since the Court is ruling on the Rule 60(b) Motion, Defendant's Motion for Leave will be dismissed as moot.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's "Motion For Nunc Pro Tunc Relief From Final Or Void Judgment, Pursuant To Rule 60(b)(4) & (6)" (document # 113) is **DENIED;** and

2. Defendant's "Motion For Leave In Writ Of Mandamus" (document # 116) is **DISMISSED as moot.**

**SO ORDERED.**

Signed: August 1, 2008

Graham C. Mullen
United States District Judge